Brendon Leon
Plaintiff, pro se
360 Maverick Trail
Hedgesville, WV 25427
(304) 579-7849

· FILED

FEB 2 2 2022

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **BRENDON A. LEON**<br><br>Plaintiff,<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATIONS, DIRECTOR CHRISTOPHER WRAY** and **US DEPARTMENT OF DEFENSE, SECRETARY LLOYD AUSTIN**<br><br>Defendant. | Case No.: 3:22 CV 24<br><br>**COMPLAINT**<br>(unreasonable seizure/excessive forcce, freedom of speech violations and cruel, unusual punishment<br><br>403 U.S. 388 (1971)<br><br>Groh<br>Trumble |

PLAINTIFF, appearing *pro se*, bring this COMPLAINT against Defendant and alleges as follows:

1.

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because: At all times material to this complaint, Plaintiff was a resident of the Northern District of West Virginia. Defendant Federal Bureau of Investigations is a federal government organization operating in the Northern District of West Virginia and Defendant United States Department of Defense is a federal government organization operating in the Northern District of West Virginia. Defendant Christopher Wray is Director employed by the Federal Bureau of Investigations and Defendant Lloyd Austin is a Secretary employed by the United States Department of Defense and a Chief

**COMPLAINT**, page 1 of 9

Executive Officer employed by the U.S. Armed Forces.

2.

After communication between Plaintiffs and Defendants FBI on February 20, 2022, there is mutual understanding Plaintiff possesses no criminal and no malicious intentions toward peoples of the United States of America, its government, offices or property. Any misunderstanding or contrary opinion is inaccurate, false and misrepresents the Plaintiff's real activities and history. Plaintiff maintains innocence and should not be a target for agencies of the United States of America.

3.

From February 2022 and back at least one year, while Plaintiff is developing residential parcels in Morgan County, West Virginia according to law and code, Defendants search Plaintiff's body including the brain under Defendant Wray's leadership, utilizing potentially harmful, state-restricted technology. Plaintiff writes and calls FBI and military but there are no responses. The military failed at every level to directly aide Plaintiff in ameliorating what has become a national threat for Plaintiff and many other people.

4.

Throughout January 2022 and from February 15, 2017, Plaintiff has suffered emotionally, physically and financially because of the defamation and physical actions taken by Defendants, especially under the leadership of Defendant Wray. Between November 2020 and August 18, 2021, current occupants of residential dwellings adjacent to 360 Maverick Trail and a second, unfinished house adjacent to a main dwelling on 180 Maverick Trail scream insults, epithets and threaten to set Plaintiff's studio building afire, while also recounting tales- often false about Plaintiffs past whenever Plaintiff is on Plaintiff's property. Intermittently, they threaten to take Plaintiff's land. Plaintiff has maintained good community ties and the destabilization at Plaintiff's home site is caused by Defendants.

5.

Under leadership of Defendant Wray, Defendants encourage Plaintiff's neighbors to, "get violent" and to "light this '*expletive*' up." in October 2021 after Plaintiff returned after absence. In December 2020, Plaintiff developing the property is so demoralized and threatened by Defendants and neighbors misbehavior that Plaintiff had stopped visiting Plaintiff's property.

6.

In November 24, 2021 and as far back as July 22, 2021, Defendants send false information, libel about Plaintiff, to Plaintiff's employer and the employees of Lowes, Inc, store # 627 at 14725 Apple Harvest Drive. Defendants make claims about past behaviors never occurred. The prolonged exposure to the vitriolic, sexually charged environment created by the Defendants hurt the Plaintiff. Defendant's actions cause Plaintiff a loss of employment and benefits equaling over $12,500.

7.

On October 9 and 10, 2021, Plaintiff was studying at 301 N. King Street at Shepherd University in Shepherdstown, West Virginia when Defendants admit to sending false and defamatory material about Plaintiff (Quotations of such material can be revealed separately). Defendants contacted students and staff at Shepherd University to disparage Plaintiff while Plaintiff was studying

8.

On October 6, 2021 at approximately 6:45pm, Plaintiff is driving through Morgan County, West Virginia toward 360 Maverick Trail in a 2021 Toyota Rav 4 when Defendants verbally and psychologically abuse Plaintiff. Defendants make threats against a job Plaintiff has with Lowes Inc. and threaten Plaintiff's property. Defendants threaten to take Plaintiff's house when finished. Specific terms, phrases and offenses may be detailed separately. On weekends and evenings when Plaintiff leaves university to visit 360 Maverick Trail, Defendants access and

use Plaintiff's personal and confidential data and history including social security numbers, passwords, legible contents of postal mail, past sexual experiences, and other personal information, normally INaccessible to the public and government- to update Plaintiff's neighbors- with the intent to harm Plaintiff. Defendants tell Plaintiff when he visits Maverick Trail that they will, "ruin" Plaintiff's home.

9.

On September 18, 2021, Defendant's verbal and digital intrusions at Plaintiff's place of supplemental employment causes panic within Plaintiff, employees and shoppers. Plaintiff and customers are routinely interrupted by Defendant's insults, accusations and threats; the Defendant's verbal assaults are numerous and can be detailed separately. On numerous occasions, usually 30-40 minutes out of every hour, such as on September 18, 2021, Defendants verbally assault and threaten Plaintiff through state-restricted technologies.

10.

On July 22, 2021, Plaintiff accepts supplemental employment with Lowes, Inc. as a customer service associate at store #627 located on Apple Harvest Drive, Martinsburg, West Virginia. Defendants send libel about Plaintiff to Lowes Inc. Management digitally through advanced state-restricted technology and Defendants defame Plaintiff with false statements about Plaintiff's identity, behavior and past. Plaintiff submits to Lowes, Inc. formal background checks; Plaintiff possesses *no* criminal record and *no* criminal or suspicious background as verified by offices of the U.S. Federal Government.

11.

Before accepting supplemental employment with Lowes, Plaintiff realizes property cannot be left unattended in the environment created by Defendants. Plaintiff again returns to 360 Maverick Trail on regular intervals to develop the property in June 2021. In November of year 2021, the people still residing within the unfinished cabin at 180 Maverick Trail tell Plaintiff

they were misled by Defendants saying, "Plaintiff doesn't seem like such a bad guy."

12.

On April 24, 2021 and April 25, 2021, Defendants seize control of the electronic command interface of Plaintiff's 2021 Toyota Rav 4 while Plaintiff is visiting the Sleepy Creek Wilderness Area in Berkeley County, West Virginia. Defendants remotely lock Plaintiff out of vehicle at approximately 9:30pm through remote control while Plaintiff was unpacking. Defendants state through vehicle communication system, audio microphone and speakers that they- the Defendants were not allowing the Plaintiff into the vehicle until some time in the next morning. Plaintiff possessed neither camping nor emergency material at time of forced lockout- they were locked in vehicle trunk. For that night and early morning, the vehicle would not respond electronically to Plaintiff. Plaintiff used twigs and branches- appendages to manipulate buttons through the slightly lowered, driver-door window to no avail. Plaintiff walks west, further along forest on a plateau of the mountain seeking cover from the elements. As the morning progresses in time and Plaintiff returns to vehicle, Defendants eventually state they would allow Plaintiff to return. Defendants state their behavior was to protect the sleep of other campers however, Defendants' actions stranded Plaintiff in a wilderness overnight where he was unable to reach camping gear or seek emergency shelter or evacuate safely by vehicle.

13.

Intermittently in June in year 2021, Defendants verbalize to Plaintiff how they can have a member of the FBI agent dress like a police officer in the Northern District of West Virginia and murder Plaintiff under a false pretense. This causes the Plaintiff extreme panic and his heart rate increases substantially during the months because of the threats, violence of speaker's language and the extraordinary nature of the occurrences. Threats cause Plaintiff momentarily losses of focus. Business people and associates of Plaintiff are fearful that Defendants- at Defendant Wray's direction will make an attempt to murder the Plaintiff. Some members of the local

**COMPLAINT**, page 5 of 9

community try to help Plaintiff find a safe place away from the threat but the threats are projected through multimedia and mobile technologies.

14.

Between November 2018 and December 2018, Defendants within FBI send false information and libel about Plaintiff to employees of Macy's Inc Logistics in West Virginia and defame Plaintiff causing Plaintiff employment separation and loss of winter supplemental employment exceeding 6,500 U.S. Dollars.

15.

Defendants within FBI send false information and libel to Plaintiff's employer and employees of Advanced Windows Inc of Frederick Maryland in 2017 creating employment separations and causing a subsequent loss of employment in West Virginia equaling 42,000 U.S. Dollars.

16.

Defendants within FBI release stolen material into parts of the general public domain without permission of the content creator, Plaintiff. Some of the material unreasonably seized by the defendants include commercial property, copy protected media and building construction documents that were to be used for sanctioned economic activity. Defendant's unlawful trade of Plaintiff's property, such as through methods described in Part 2, continue to economically harm Plaintiff.

17.

The defamatory behavior of Defendant Wray and Defendants against the Plaintiff in 2021 include making or perpetuating false statements about Plaintiff's genetic makeup, sexuality, gender and professional ability costing Plaintiff economic opportunities including the suspension and reduction of new developments including research and development on a novel, environmental system for NASA that is currently derailed. Losses caused by the Defendants include real estate property loss and real estate agreement losses at 155 W.R. Caskey Drive,

Martinsburg West Virginia, 395 West Race Street, Martinsburg, West Virginia 25401, 360 Maverick Trail, Hedgesville, West Virginia. Defendant's actions cause a subsequent loss of employment and benefits of at least 58,800 U.S. Dollars but as high as 3,000,000 U.S. Dollars.

18.

Upon information and belief, the actions of Defendants Federal Bureau of Investigations and FBI Chief, Christopher Wray and Defendant U.S. Military were carried out based on training they have received by the Defendants Federal Bureau of Investigations and Federal Government. Their actions were in accordance with the policies, practices and/or custom of the Federal Bureau of Investigations and other Federal Government Offices.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

(unreasonable search and seizure, (excessive force): 4th Amendment to the U.S. Constitution, 28 USC 1331b and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)

19.

Plaintiff re-alleges and incorporate Paragraphs 1-18 as if fully set forth here.

20.

Defendants' actions as described above constitute an unreasonable seizure of Plaintiff's person and property, in violation of the 4th Amendment of the U.S. Constitution. Defendants used unreasonable and excessive force in their detention of Plaintiff and the detention itself was unlawful. As a direct result of Defendants' actions, Plaintiff has sustained economic damages in the amount of $119,800

**COMPLAINT**, page 7 of 9

**SECOND CLAIM FOR RELIEF**

(Freedom of Speech violations): 1st Amendment to the U.S. Constitution, 28 USC 1331b and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971))

21.

Plaintiff re-alleges and incorporate Paragraphs 1-19 as if fully set forth here.

22.

Defendants' actions as described above constitute a freedom of speech violation. Defendants deprived Plaintiff of due process to infringe on the Plaintiff's speech, in violation of the 1st Amendment of the U.S. Constitution and the deprivation was unlawful. As a direct result of Defendants' actions, Plaintiff has sustained economic damages in the amount of $119,800

**THIRD CLAIM FOR RELIEF**

(cruel and unusual punishment): 8th Amendment to the U.S. Constitution, 28 USC 1331b and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971))

23.

Plaintiff re-alleges and incorporate Paragraphs 1-19 as if fully set forth here.

24.

Defendants' actions as described above constitute cruel and unusual punishment. Defendants deprived Plaintiff of due process and inflicted injury on Plaintiff in violation of the 8th Amendment of the U.S. Constitution and the judgments, actions and punishment were unlawful. As a direct result of Defendants' actions, Plaintiff has sustained economic and non-economic damages in the amount of $100,000,000 compromising the human suffering, permanent damage to familial and professional connections and increased restrictions to Plaintiff's movements because of the risks and real life consequences caused by Defendants actions and behaviors with Plaintiff.

## PRAYER FOR RELIEF

25.

WHEREFORE, Plaintiff requests the following relief:

- Preliminary injunction entered against Defendants

-A money award judgment entered against Defendants for $100,119,800.00, representing $119,800 in economic damages and $100,000,000.00 in non-economic damages.

-A money award for Plaintiff's costs and disbursements associated with bringing this action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on 02/22/2022

By: *[signature]*

Brendon Leon

Plaintiff, pro se

360 Maverick Trail

Hedgesville, WV 25427

304-579-7849

**COMPLAINT**, page 9 of 9