IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRENDON A. LEON,**

      Plaintiff,

v.                       CIVIL ACTION NO. 3:22-CV-24
                             (GROH)

**FEDERAL BUREAU OF INVESTIGATIONS,
DIRECTOR CHRISTOPHER WRAY,
U.S. DEPARTMENT OF DEFENSE, and
SECRETARY LLOYD AUSTIN,**

      Defendants.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Pending before the Court is Plaintiff Brendon A. Leon's pro se Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's Complaint seeks monetary relief against federal agencies and officials that are immune from suit, is factually frivolous, and fails to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's Complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed In Forma Pauperis be DENIED as moot.

---

[1] This Motion was referred to the undersigned by order on March 10, 2022. ECF No. 7.

## II.   THE COMPLAINT

On February 22, 2022, pro se Plaintiff filed a nine-page Complaint against the Federal Bureau of Investigation ("FBI"), Director of the FBI Christopher Wray, the United States Department of Defense ("DOD"), and Secretary of Defense Lloyd Austin. ECF No. 1. The Complaint asserts three claims for relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Additionally, because Plaintiff uses the terms "libel" and "defamation" throughout the Complaint, the undersigned will liberally construe Plaintiff's Complaint as also asserting the state law claim of defamation against Defendants.

For Plaintiff's first Bivens claim, he asserts that Defendants violated his Fourth Amendment rights when Defendants conducted an unreasonable search and seizure of Plaintiff's "person and property" and used excessive force in their detention of Plaintiff. ECF No. 1 at 7. For his second Bivens claim, Plaintiff asserts that Defendants violated his First Amendment right to Freedom of Speech by "depriving him of due process to infringe on the Plaintiff's speech." Id. at 8. For Plaintiff's third Bivens claim, he asserts that Defendants violated the Eighth Amendment prohibition against cruel and unusual punishment when "Defendants deprived Plaintiff of due process and inflicted injury on Plaintiff" causing him "human suffering, permanent damage to familial and professional connections and increased restrictions to Plaintiff's movements." Id. The pertinent facts taken from Plaintiff's pleading are summarized below.

Plaintiff appears to assert four main factual allegations for his Fourth Amendment unreasonable search and seizure claims. First, Plaintiff alleges that Defendants within the FBI unreasonably seized and released "stolen material into parts of the general

public domain" without Plaintiff's permission. ECF No. 1 at 6. Second, Plaintiff alleges that "on weekends and evenings when Plaintiff leaves university, . . . Defendants access and use Plaintiff's personal and confidential data and history including social security numbers, passwords, legible contents of postal mail, past sexual experiences, and other personal information, normally inaccessible to the public and government to update Plaintiff's neighbors with the intent to harm Plaintiff." Id. at 3-4. Third, Plaintiff alleges that on April 24 and 25 of 2021, Defendants seized control of his vehicle, remotely locked Plaintiff out, and announced through the car's audio that they "were not allowing the Plaintiff into the vehicle" until the next morning. Id. at 5. Fourth, Plaintiff alleges that from at least February of 2021 to February 2022, "Defendants search[ed] Plaintiff's body including the brain under Defendant Wray's leadership, utilizing potentially harmful, state-restricted technology." Id. at 2.

Plaintiff next claims Defendants have made various verbal threats against him on numerous occasions "through state-restricted technologies."[2] ECF No. 1 at 4. On October 6, 2021, "Defendants verbally and psychologically abuse[d] Plaintiff," making threats against Plaintiff's property and job at Lowes. Id. at 3. In June of 2021, Defendants verbalized to Plaintiff "through multimedia and mobile technologies" how they can have "a member of the FBI agent dress like a police officer . . . and murder Plaintiff under a false pretense," which caused Plaintiff "extreme panic." Id. at 5-6.

Plaintiff next asserts many instances of defamation. From February 15, 2017, to January of 2022, "Plaintiff has suffered emotionally, physically and financially because of the defamation . . . by Defendants, especially under the leadership of Defendant

---

[2] The undersigned is unsure how these factual allegations support any of the asserted causes of action.

3

Wray." ECF No. 1 at 2. From July 22, 2021, to November 24, 2021, "Defendants sen[t] libel about Plaintiff" to Plaintiff's employer, Lowes Inc., "digitally through advanced state-restricted technology and Defendants defame[d] Plaintiff with false statements about Plaintiff's identity, behavior and past." Id. at 3-4. Between November and December of 2018, "Defendants within FBI sen[t] false information and libel about Plaintiff to employees of Macy's Inc. Logistics in West Virginia and defame[d] Plaintiff." Id. at 6. "Defendants within FBI sen[t] false information and libel to Plaintiff's employer and employees of Advanced Windows Inc. of Frederick, Maryland in 2017." Id. Defendant's alleged defamatory actions caused Plaintiff a loss of employment at Lowes, Macy's, and Advanced Windows Inc. equaling at least $61,000 in damages but as high as $3,000,000. Id. at 3, 6-7. "On October 9 and 10, 2021, Plaintiff was studying at . . . Shepherd University in Shepherdstown, West Virginia when Defendants admit to sending false and defamatory material about Plaintiff" to students and staff. Id. at 3. "The defamatory behavior of Defendant Wray and Defendants against the Plaintiff in 2021 include making or perpetuating false statements about Plaintiff's genetic makeup, sexuality, gender and professional ability costing Plaintiff economic opportunities including the suspension and reduction of new developments including research and development on a novel, [and an] environmental system for NASA that is currently derailed." Id. at 6.

    Lastly, Plaintiff alleges that "the actions of Defendants Federal Bureau of Investigations and FBI Chief, Christopher Wray and Defendant U.S. Military were carried out based on training they have received by the Defendants Federal Bureau of Investigations and Federal Government." ECF No. 1 at 7. "Their actions were in

accordance with the policies, practices and/or custom of the Federal Bureau of Investigations and other Federal Government Offices." Id.

Plaintiff requests the following relief: that a preliminary injunction be entered against Defendants;[3] a money award judgment be entered against Defendants for $100,119,800.00; a money award for Plaintiff's costs and disbursements associated with bringing this action; and any and all other relief the Court deems just and reasonable under the circumstances. ECF No. 1 at 9.

### III.     LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that

---

[3] While Plaintiff has requested a preliminary injunction, it is unclear what specific conduct or action he seeks to be temporarily enjoined.

5

the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke, 490 U.S. at 325. A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Id. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

As stated above, § 1915(e) permits the court to dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to

relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Id. at 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)).

### IV. DISCUSSION

First, the Court lacks subject matter jurisdiction over Plaintiff's claims for monetary relief against Defendants FBI and DOD as federal agencies and Defendants Christopher Wray and Lloyd Austin to the extent Plaintiff is suing them in their official capacities because these Defendants are immune from suit. Second, Plaintiff's claims are frivolous. Third, Plaintiff has failed to state a claim upon which relief can be granted.

#### A. Sovereign Immunity

Bivens established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). But Bivens claims for damages against the United

States, federal agencies, or public officials acting in their official capacities are barred by the doctrine of sovereign immunity, absent a waiver. See F.D.I.C. v. Meyer, 510 U.S. 471, 475, 484–86 (1994); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] Bivens action does not lie against either agencies or officials in their official capacities."). "Because the United States has not waived sovereign immunity in suits claiming constitutional torts," Defendants FBI and DOD are protected from any claim Plaintiff may be asserting pursuant to Bivens, as are Defendants Christopher Wray and Lloyd Austin to the extent Plaintiff is suing them in their official capacities. See Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); Gamache, 2011 WL 4966281, at *3. Absent a waiver of sovereign immunity, "a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." Muniz–Muniz v. U.S. Border Patrol, 741 F.3d 668, 671 (6th Cir. 2013).

In sum, to the extent that Plaintiff seeks monetary relief through a Bivens action against federal agencies, and the individual Defendants Wray and Austin in their official capacities ("federal Defendants"), the undersigned recommends DISMISSAL of these claims pursuant to § 1915(e)(2)(B)(iii) on the basis of sovereign immunity and lack of subject matter jurisdiction.

Similarly, the Court lacks jurisdiction over Plaintiff's defamation claims against the federal Defendants because of sovereign immunity. See Muniz–Muniz, 741 F.3d at 671 (stating that absent a waiver of sovereign immunity and authorization of a private right of action, "a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities"). The Federal Tort Claims Act ("FTCA") serves as a limited statutory waiver of sovereign immunity for certain common law tort

suits brought against the United States. 28 U.S.C. § 1346(b)(1).[4] However, this waiver under the FTCA only applies to the United States. See Walters v. Smith, 409 F. App'x 782, 783 (5th Cir. 2011) ("It is well established that FTCA claims may be brought against only the United States, and not the agencies or employees of the United States," who retain immunity from suit). The Westfall Act confers absolute immunity on federal employees for torts committed within the scope of their employment by making a FTCA action against the United States the exclusive remedy for such torts. 28 U.S.C § 2679(b)(1); Dean v. U.S. Army, 2009 WL 2460992, at *5 (E.D. Wash. Aug. 10, 2009). Likewise, federal agencies retain immunity under the FTCA. McPike v. U.S. F.B.I., 2014 WL 5394967, at *5 (E.D. Cal. Oct. 17, 2014).

Plaintiff has not named the United States as a party. And even if Plaintiff were to amend his Complaint adding the United States as a party, the FTCA does not waive sovereign immunity for any claim arising out of libel or slander.[5] 28 U.S.C. § 2680(h). Accordingly, Plaintiff cannot sue the United States for the common law tort of defamation, and his defamation claims against the current federal Defendants are barred by sovereign immunity. Thus, pursuant to § 1915(e)(2)(B)(iii) on the basis of immunity and lack of subject matter jurisdiction, the undersigned recommends DISMISSAL of Plaintiff's defamation claims against Defendants FBI and DOD and

---

[4] The FTCA generally authorizes suits against the United States for damages for: "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

[5] Under West Virginia law, slander is simply defamation through oral means and libel is the written form of defamation. Gallant v. Mattress Giant Corp., 2017 WL 6597515, at *4 (N.D.W. Va. Dec. 1, 2017); Greenfield v. Schmidt Baking Co., Inc., 199 W. Va. 447, 455, 485 S.E.2d 391, 399 (1997).

Defendants Christopher Wray and Lloyd Austin to the extent their alleged defamatory actions were committed within the scope of their federal employment.

### B. Frivolous

Dismissal is also warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's claims are frivolous. When screening an initial filing to assess the merits of a complaint, courts must "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing on the frivolity of a claim." Nagy v. FMC Butner, 376 F.3d 252, 257 (4th Cir. 2004). In general, however, a complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. An action has no arguable factual basis when the allegations are fantastic or delusional scenarios or rise to the level of the irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Without a doubt, the wholly incredible and delusional factual allegations set forth in Plaintiff's Complaint rise to the level of irrationality that requires dismissal. To name a few of Plaintiff's irrational and delusional factual allegations, Plaintiff appears to speculate that Defendants somehow searched Plaintiff's "brain under Defendant Wray's leadership, utilizing potentially harmful, state-restricted technology;" that "on numerous occasions, usually 30-40 minutes out of every hour, . . . Defendants verbally assault and threaten Plaintiff through state-restricted technologies;" that Defendants hacked into his vehicle and locked him out of it on a camping trip; that "Defendants encourage Plaintiff's neighbors to 'get violent' and 'light this expletive up;'" that Defendants verbalized to Plaintiff "through multimedia and mobile technologies" how they can have "a member of the FBI agent dress like a police officer . . . and murder Plaintiff under a false pretense;"

that "Defendants sen[t] libel about Plaintiff" to Plaintiff's employer, Lowes Inc., "digitally through advanced state-restricted technology;" and that the Defendants defamatory behavior cost Plaintiff "economic opportunities including the suspension and reduction of new developments including research and development on a novel, [and an] environmental system for NASA that is currently derailed." ECF No. 1 at 2-6.

Federal courts have dismissed factually similar complaints as frivolous. See Newby v. Obama, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (complaint alleging "bizarre conspiracy theory" relating to "alleged government surveillance and harassment" was frivolous and subject to dismissal); Curran v. Holder, 626 F. Supp. 2d 30, 33 (D.D.C. 2009) ("Plaintiff's claims relating to alleged government surveillance and harassment of her are the type of bizarre conspiracy theory that warrant dismissal under Rule 12(b)(1)."); Richards v. Duke Univ., 480 F. Supp. 2d 222, 232-33 (D.D.C. 2007) (holding that the plaintiff's claims that the defendants, including the FBI and DOJ, engaged in "roving surveillance that followed her everywhere she went, even into a medical exam room" were "fantastic to the point of being patently insubstantial and warranting a dismissal"); Mendes v. United States, 88 Fed. Cl. 759, 762 (2009) (holding that the claimant's allegations that the CIA and FBI were violating her constitutional rights by using "zealot, fanatical women to further their goals" through "laser beam technology" were factually frivolous, thus warranting dismissal of claimant's in forma pauperis complaint). Because this Complaint as a whole is completely irrational and lacks any arguable factual basis, the undersigned finds that the Complaint is frivolous and recommends DISMISSAL under § 1915(e)(2)(B)(i).

### C. Failure to State a Claim

Dismissal is also proper because Plaintiff's Complaint characteristically fails to include sufficient factual matter to state any plausible claim against any Defendant. The complaint must contain enough facts to state a claim for relief that is "plausible" on its face, rather than merely "conceivable." Twombly, 550 U.S. at 570. Considering the undersigned has found Plaintiff's Complaint factually frivolous above, Plaintiff's claims are certainly not "plausible" on their face and even calling them "conceivable" would be generous. But even accepting as true all factual allegations in the complaint, as the undersigned must (absent its legal conclusions), Plaintiff fails to support his claims with sufficient facts.

As stated previously, Bivens claims are only cognizable against federal officials in their individual capacities. Vinson v. F.B.I., 2003 WL 23712096, at *1 (W.D. Va. Feb. 25, 2003). "To be held liable under Bivens, the defendant must have participated personally in the alleged wrongdoing; liability cannot be premised upon a theory of vicarious liability or respondeat superior." Anderson v. Gates, 20 F. Supp. 3d 114, 124 (D.D.C. 2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's Bivens claims should be dismissed because the Complaint fails to allege sufficient individual conduct on the part of Defendant Wray or Defendant Austin to state an actionable claim against either of these individual Defendants. Accordingly, the undersigned recommends that Plaintiff's Bivens claims be DISMISSED for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii).

With no viable federal claim remaining under 28 U.S.C. § 1331, the only way this Court would have subject matter jurisdiction over Plaintiff's state law defamation claims against the individual defendants would be through 28 U.S.C. § 1367(a) ("supplemental jurisdiction") or 28 U.S.C. § 1332(a) ("diversity jurisdiction"). The Court has diversity jurisdiction under § 1332(a) if the amount in controversy exceeds $75,000 and the parties are citizens of different states. Plaintiff has not pleaded that Defendants Wray and Austin are citizens of a different state than Plaintiff. As such, the Court lacks diversity jurisdiction over Plaintiff's defamation claims. Pursuant to § 1367(c)(3), the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's defamation claims.

If Plaintiff did intend to assert claims of defamation to begin with, Plaintiff has also failed to state a plausible defamation claim against any Defendant. "To satisfy federal pleading standards, a plaintiff must specifically allege each defamatory statement." Doe v. Salisbury Univ., 123 F. Supp. 3d 748, 758 (D. Md. 2015). "In order to plead defamation, a plaintiff should allege specific defamatory comments [including] the time, place, content, speaker, and listener of the alleged defamatory matter." Eng. Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc., 172 F.3d 862, 1999 WL 89125, at *3 (4th Cir. 1999) (internal citations omitted). The allegations of defamation in Plaintiff's Complaint do not refer to any specific defamatory statement.[6] Instead, they are vague and

---

[6] Below are Plaintiff's defamation allegations. "In November 24, 2021 and as far back as July 22, 2021, Defendants send false information, libel about Plaintiff, to Plaintiff's employer," Lowes, making "claims about past behaviors never occurred." ECF No. 1 at 3. "Defendants send libel about Plaintiff to Lowes Inc. Management . . . [and] defame Plaintiff with false statements about Plaintiff's identity, behavior and past." Id. at 4. "Between November 2018 and December 2018, Defendants within FBI send false information and libel about Plaintiff to employees of Macy's Inc Logistics in West Virginia and defame Plaintiff." Id. at 6. "Defendants within FBI send false information and libel to Plaintiff's employer and employees of Advanced Windows Inc of Frederick Maryland in 2017." Id. On October 9 and 10, 2021, "Defendants admit to sending false and defamatory material about Plaintiff (Quotations of such material can be

13

conclusory assertions that warrant dismissal under § 1915(e)(2)(B)(ii). For the reasons set forth above, the undersigned recommends that Plaintiff's defamation claims be DISMISSED for failure to state a claim.

### D. Preliminary Injunction

In the Complaint, along with monetary relief, Plaintiff requests that a preliminary injunction be entered against Defendants, although it is unclear what specific conduct or actions he seeks to be temporarily enjoined. ECF No. 1 at 9. Federal Rule of Civil Procedure 65 authorizes federal courts to issue preliminary injunctions. The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits of the case; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of the equities tips in his favor; and (4) an injunction would be in the public interest. Pashby v. Delia, 709 F.3d 307, 320 (4th Cir. 2013).

To the extent this pro se Plaintiff is moving for a preliminary injunction, the undersigned finds that Plaintiff has failed to make the requisite showing under any of the four requirements necessary for this Court to provide equitable relief. Considering the undersigned has recommended the dismissal of all claims asserted in the Complaint, the undersigned finds that Plaintiff is unlikely to succeed on the merits of his case. Further, Plaintiff does not provide any plausible basis, much less make a clear showing, for why any future injury would befall him or what an order of this Court would do to prevent such speculative harm. Accordingly, Plaintiff's request for preliminary injunction should be DENIED.

---

revealed separately)." Id. at 3. "The defamatory behavior of Defendant Wray and Defendants against the Plaintiff in 2021 include making or perpetuating false statements about Plaintiff's genetic makeup, sexuality, gender and professional ability." Id. at 6.

## V.      RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Complaint seeks monetary relief against federal agencies and officials that are immune from suit, is factually frivolous, and fails to state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**, Plaintiff's Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**, and Plaintiff's Motion [ECF No. 5] for service be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** April 26, 2022

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE